# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Karen Buckman,<br><br>**Plaintiff,**<br><br>v.<br><br>United Parcel Service, Inc.,<br><br>**Defendant.** | **COMPLAINT**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Case No. _____<br><br>(to be filled in by the Clerk's Office)<br><br>Jury Trial: [X] Yes [ ] No |

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Karen Buckman
365 Fort Motte Road
Fort Motte   Calhoun County
South Carolina        29135
(803) 456-9433

Plaintiff Karen Buckman is a resident of South Carolina.

### B.    The Defendant(s)

UNITED PARCEL SERVICE, INC.

Registered Agent   CORPORATION SERVICE COMPANY
100 Coastal Drive, Suite 210
Charleston   Charleston County
South Carolina   29492
(800) 927-9800

Defendant United Parcel Service, Inc. is a corporation incorporated under the laws of Ohio and doing business in South Carolina.

### C.     Place of Employment

The address at which plaintiff was employed by the defendant(s) is:

United Parcel Service, Inc.
1782 Old Dunbar Road
West Columbia     Lexington County
South Carolina     29172
(803) 939-4033

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to:

Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

Venue is proper in this District because the unlawful employment practices occurred in West Columbia, South Carolina.

## III. Introduction

1. This action arises under Title VII of the Civil Rights Act of 1964 for retaliation, religious discrimination, and wrongful termination.
2. Plaintiff Karen Buckman brings this action against Defendant United Parcel Service, Inc. ("UPS") for unlawful employment practices.
3. Plaintiff engaged in protected activity in May 2023 by supporting a coworker who was subjected to workplace discrimination.
4. Immediately following that protected activity, Plaintiff was subjected to retaliation, including threats, undisclosed discipline, interference with training, and ultimately termination.
5. The Equal Employment Opportunity Commission issued a **Reasonable Cause finding (September 2025)** determining there is reason to believe Plaintiff was subjected to religious discrimination.
6. The religious discrimination identified by the EEOC was one event within a broader pattern of retaliation that culminated in Plaintiff's termination.
7. **Defendant is not currently committing these acts against the Plaintiff: however Plaintiff continues to suffer ongoing damages as a result of Defendant's conduct.**

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed a charge of discrimination with the EEOC.
9. The EEOC issued a Notice of Right to Sue.

10. Plaintiff received the Notice of Right to Sue on January 28, 2026, and has filed this action within 90 days.
11. The EEOC issued a Reasonable Cause Finding concluding there is reason to believe discrimination occurred.

## V. SUMMARY

### *Employment Background*

12. Plaintiff began employment with UPS in 2018.
13. On September 30, 2020, Plaintiff was placed into a supervisory role.
14. Plaintiff was scheduled to work Monday through Tuesday with optional Wednesday shifts, working extended 10–12 hour shifts with a guaranteed pay structure.
15. Plaintiff was selected for the Women in Operations Program in December of 2022, positioning her for advancement.

### *Protected Activity and Retaliation*

16. In May 2023, Plaintiff supported a coworker experiencing workplace discrimination.
17. Plaintiff's actions constituted protected activity under Title VII.
18. The following day, Plaintiff received a phone call from management.
19. Plaintiff was told to "mind her business."
20. Plaintiff warned that she could be terminated for advising another employee regarding legal action.
21. This conduct was retaliatory.

### *Escalation of Retaliation*

22. Around June 8, 2023, Defendant placed disciplinary action in Plaintiff's personnel file without notice.
23. Plaintiff was not informed of this discipline.
24. Plaintiff inquired about the discipline and received no response.
25. Plaintiff was uniquely targeted.

### *Medical Impact*

26. Plaintiff requested leave due to migraine-related medical conditions.
27. Defendant denied the request.
28. Plaintiff's medical condition was exacerbated by workplace stress.

### *Training Interference*

29. Plaintiff was scheduled to attend MDST training in July 2023.
30. Defendant failed to properly prepare Plaintiff for training.
31. Defendant failed to properly complete required authorization documentation.

32. Supervisor David Criminger, signed Plaintiff's paperwork.
33. Mr. Criminger provided Plaintiff with test materials.
34. Test required company credentials to access and print.
35. Tests could only be accessed by someone who had taken the training.
36. Mr. Criminger also approved Plaintiff's attendance.
37. Plaintiff studied openly in shared workspaces, including the On Road Supervisor office and breakroom.

## MDST Training Events

38. Plaintiff attended training in Florida during July of 2023.
39. Defendant determined Plaintiff was unprepared prior to any alleged misconduct.
40. Plaintiff's removal from training was decided before the test was discovered.
41. Plaintiff's personal belongings were searched.
42. The test was found after the decision to remove Plaintiff had already been made.
43. Plaintiff did not bring the test into the classroom and did not use it during training.
44. Defendant relied on possession of the test as justification for termination.

## Abandonment

45. Plaintiff was left without proper travel arrangements.
46. Defendant failed to respond to Plaintiff's calls.
47. Plaintiff was forced to arrange her own return.

## Termination and Pretext

48. Plaintiff was terminated on July 24, 2023.
49. Defendant provided multiple inconsistent reasons for termination, including:
    a. possession of a test
    b. time theft
    c. inability to work Saturdays
50. Defendant provided different explanations to different agencies.
51. **At no time did Defendant provide Plaintiff with a single consistent or documented reason for her termination.**
52. Defendant's inconsistencies demonstrate pretext.
53. The supervisor who provided the test to Plaintiff was not disciplined.

## Damages

54. Plaintiff suffered loss of wages and benefits.
55. Plaintiff's income significantly decreased.
56. Plaintiff suffered emotional distress and worsening medical conditions.
57. Plaintiff lost medical coverage.
58. Plaintiff experienced significant life disruption, including inability to care for her mother prior to her passing.

## VI. CLAIMS FOR RELIEF

### COUNT I – RETALIATION (TITLE VII)

59. Plaintiff engaged in protected activity.
60. Defendant subjected Plaintiff to adverse actions.
61. There is a causal connection between Plaintiff's protected activity and termination.
62. Defendant's reasons are pretextual.
63. Defendant violated Title VII.

### COUNT II – RELIGIOUS DISCRIMINATION

64. Plaintiff requested religious accommodation
65. Defendant denied the accommodation.
66. The EEOCfound reasonable cause to believe discrimination occurred.
67. Defendant violated Title VII.

### COUNT III – WRONGFUL TERMINATION

68. Plaintiff was terminated as part of a retaliatory pattern.
69. Defendant's conduct was unlawful.

## VII. DAMAGES

70. Plaintiff seeks:
    a. back pay
    b. front pay
    c. lost benefits
    d. emotional distress
    e. medical damages
    f. punitive damages

## VIII. PRAYER FOR RELIEF

71. Plaintiff requests:
    a. Back pay
    b. Front pay
    c. Compensatory damages
    d. Punitive damages
    e. Costs of litigation
    f. Any further relief the Court deems just

## IX. JURY DEMAND

Plaintiff demands a trial by jury.

## X. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: April 23rd, 2026.

Signature of Plaintiff _Karen Buckman_

Printed Name of Plaintiff    Karen Buckman